UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-189 (BMC) (RER)

———————————

EVERSON FRANCIS,

                      Plaintiff,

VERSUS

MAJOR WORLD CAR DEALERSHIP; SANTANDER CONSUMER USA; SANTANDER BANK; NEILSON DODGE CHRYSLER JEEP LLC; ERIC KELTZ; UNKNOWN SALES MAN; FCA US LLC,

                      Defendant.

———————————

**REPORT & RECOMMENDATION**

**August 22, 2019**

———————————

**TO THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

    Your Honor has referred to me *pro se* plaintiff Everson Francis's ("Plaintiff") motion for default judgment against Major World Car Dealership ("Major World"), Santander Consumer USA/Santander Bank ("Santander"), and Eric Keltz ("Keltz") (collectively, "Defendants").[1] (Orders dated 3/13/2019 and 7/17/2019). For the reasons stated herein, I respectfully recommend that Plaintiff's motion be denied.

## BACKGROUND

    For the sake of brevity, I presume Your Honor's familiarity with the relevant facts, which can be found in the July 17, 2019, Order granting Defendants FCA US LLC's and Nielsen Dodge

---

[1] Defendants Nielsen Chrysler Dodge, Mopar, Jeep, Chrysler, and Dodge were terminated on April 1, 2019. (Dkt. Entry 4/1/2019, available to Court only). Defendant "Unknown Sales Man" was dismissed from the action, pursuant to Fed. R. Civ. P. 4(m), on July 17, 2017. (Dkt. No. 41 at 5).

Chrysler Jeep LLC's[2] respective motions to dismiss. (*See generally* Dkt. No. 41). I include the following procedural history to frame the recommended denial of this motion.

Plaintiff commenced this action sounding in fraud and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1501, *et. seq.*, in the Southern District of New York, which transferred the case to this District on January 10, 2019. (Dkt. Nos. 2, 6). I granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the United States Marshals Service (the "Marshals Service") was directed to serve the Summons and Complaint on the Defendants. (Order dated 2/5/2019). Major World was served on February 12, 2019, and its answer was due by March 5, 2019. (Dkt. No. 14). Both Santander Consumer and Santander Bank (together, "Santander") were served on February 28, 2019, causing their answers to be due by March 22, 2019. (Dkt. Nos. 17–18). Keltz, however, was not served until May 17, 2019, causing his answer to be due by June 7, 2019. (Dkt. No. 40).

On March 12, 2019, Plaintiff filed a "NOTICE/Motion for default judgment" against Major World, Keltz and Santander. (Dkt. No 16). This filing occurred prior to when Keltz's and Santander's answers were due. (*Id.*). Your Honor deferred ruling on the motion and referred it to me for a report and recommendation. (Order dated 3/13/2019). On March 20, 2019, Major World, Keltz and Santader filed their answers. (Dkt. Nos. 24–25).

Plaintiff subsequently filed an Amended Complaint[3] on April 9, 2019 (Dkt. No. 36), which "essentially expands the fraud alleged in plaintiff's first complaint into a broad conspiracy to defraud consumers at large of their money as well as Major World's sales representatives of their commissions" and raises additional "creative causes of action" (Dkt. No. 41 at 2).

## **LEGAL STANDARD**

Although the Court has an obligation to interpret a *pro se* litigant's motion "to raise the strongest arguments [it] suggest[s]," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quotation marks and citations omitted), a litigant's status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quotation marks and citations omitted).

Rule 55 sets out "a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). If a defendant "fail[s] to plead or otherwise defend [an action]," Fed. R. Civ. P. 55(a), the first step is for the plaintiff to request an entry of default by the Clerk of the Court. *See Priestly*, 647 F.3d at 505. "[A] party may not obtain a default judgment unless and until the Clerk of the Court has entered the default." *Dekom v. New York*, No. 12-CV-1318 (JS) (ARL), 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013) (denying default judgment pursuant under Rule 55(a) where Clerk had denied entry of default), *affirmed*, 583 Fed. Appx. 15 (2d Cir. 2014).

---

[2] FCA US LLC and Nielsen Dodge Chrysler Jeep LLC were added to the action on April 1, 2019. (Dkt. Entry 4/1/2019, available to Court only).

[3] This filing was not explicitly styled as an Amended Complaint. "Because this 'Complaint and response' is in sum and substance an expanded complaint and does not respond to the merits of defendants' motions to dismiss, the Court construes it as plaintiff's amended complaint in this action." (Dkt. No. 41 at 3).

In this District, a litigant requesting such an entry from the Clerk shall:

> submit (a) a request for a Clerk's Certificate of Default; and (b) an affidavit demonstrating that: (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) the party has failed to plead or otherwise defend the action; and (3) the pleading to which no response has been made was properly served.

Local Rule 55.1.

Once the Clerk has entered a notation of default, a plaintiff may "seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Even if a plaintiff complies with these procedural steps, "the plaintiff is not entitled to a default judgment as a matter of right." *Liberty Mut. Ins. Co. v. Fast Lane Car Serv., Inc.*, 681 F. Supp. 2d 340, 346 (E.D.N.Y. 2010) (citations omitted). Default judgment is only appropriate where the plaintiff's complaint pleads facts sufficient to state a claim upon which relief can be granted. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Moreover, "district courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 319 (2d Cir. 1986) (collecting cases). The Second Circuit Court of Appeals has expressed a "preference for resolving disputes on the merits" and "generally disfavor[s]" granting default judgments. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993).

## **ANALYSIS**

I respectfully recommend that the Court deny Plaintiff's motion for default judgment against all Defendants for the following reasons: (1) Keltz and Santander are not in default; (2) Plaintiff failed to comply with the Federal Rules of Civil Procedure; and (3) Defendants were not served with the Amended Complaint.

1. *Keltz and Santander are not in default*

As the term "default judgment" suggests, a prerequisite for obtaining such a judgment is that the non-movant be in default. Fed. R. Civ. P. 55(a). A defendant can avoid defaulting by answering or otherwise responding to the complaint within 21 days of receiving the summons and complaint. Fed. R. Civ. P. 5(a)(2), 12(a)(1)(A).

Keltz and Santander unequivocally answered within this timeframe; Keltz answered prior to being served (Dkt. No. 14), and Santander answered two days before its 21-day deadline. (Dkt. Nos. 17–18). The Court has not required any other action for which Defendants have not appeared. Accordingly, I find that neither party has defaulted, and therefore an entry of default judgment against Keltz or Santander would be inappropriate.

2. *Plaintiff failed to comply with the Federal Rules of Civil Procedure*

Regarding Defendant Major World, Plaintiff has failed to complete the first step required under Rule 55: Plaintiff did not properly request that the Clerk of the Court enter a notation of default on the Docket, and no such notation has been entered. *See* Fed. R. Civ. P. 55(a) (requiring the clerk to enter the party's default prior to the court entering a default judgment); *Dekom*, 2013 WL 3095010, at *5. Plaintiff's closest approximation of such a "request" states as follows:

> Plaintiffs move this court for a judgment by default in this action, and show that the complaint in the above case was filed in this court on the 01/04/2019; the summons and complaint were duly served on the Defendant . . . on about 01/15/2018; no answer or other defense has been filed by the Defendant; default was entered in the civil docket in the office of this clerk; no proceedings have been taken by the Defendant since the default was entered; Defendant was not in military service and is not an infant or incompetent as appears in the declarations submitted herewith.[4]

(Dkt. No. 16 at 1). Although this document reveals that Plaintiff had knowledge of Local Rule 55.1's requirements (Plaintiff's motion addresses 55.1(b)(1)–(3)), Plaintiff merely restated those requirements as though they had been met, rather than demonstrating actual compliance. The Clerk of the Court understandably did not regard this submission as a request for entry of default, since Plaintiff states within, "default was entered in the civil docket in the office of this clerk." (Dkt. No. 16 at 1). Furthermore, the Court never entered a notation of default on the docket. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("[A] district judge also possesses the inherent power to enter a default.").

Despite Major World's untimely answer, default judgment is inappropriate because Plaintiff failed to adhere to Rule 55(a), and no equivalent notation exists in the record. *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) (finding court order "functionally equivalent" to entry of default despite no formal notation on docket); *cf. Meehan v. Snow*, 652 F.2d 274, 275–76 (2d Cir. 1981) (finding omission of entry of default "largely technical" where court held hearing on motion for entry of default, affording defendant an opportunity to contest it). Plaintiff's motion for default judgment is premature and should be denied. *See Dekom*, 2013 WL 3095010, at *5 (citing *Torres v. Exec. Officer BFI Waste Sys.,* No. 95-CV-1068 (JTE), 1996 WL 328214, at *1 (W.D.N.Y. June 11, 1996) (denying motion for default judgment as premature where no entry of default existed in record)).

### 3. *Defendants were not served with the Amended Complaint*

Construing the motion for default judgment liberally, I also consider whether Defendants have defaulted with respect to claims raised in Plaintiff's Amended Complaint.[5] (Dkt. No. 36). Although Defendants have not responded to these claims, the nonresponse is excusable because the Amended Complaint has yet to be served.[6] (Dkt. No. 36). Federal Rule of Civil Procedure 5(a)(2) requires Plaintiff to serve the Amended Complaint on Major World, Santander, and Keltz because the Amended Complaint "asserts a new claim for relief against such a party." *Gunderson Amazing Fireworks, LLC v. Merrick Bank*, 12-CV-3869 (JS) (AKT), 2016 WL 8711445, at *6 (E.D.N.Y. Feb. 19, 2016) (citing Fed. R. Civ. P. 5(a)(2)), *R & R adopted*, Dkt. No. 142 (Mar. 31,

---

[4] I do not consider whether this document constitutes an "affidavit" under Local Rule 55.1 because, regardless, Plaintiff's motion is procedurally deficient.

[5] "Plaintiff also purports to raise several self-titled 'creative causes of action,' including: egregious method, intentional interference of economic advantage, false light, defamation, intentional infliction of emotional distress, negligence, breach of contract . . . ." (Dkt. No. 41 at 2–3).

[6] Although Keltz was served subsequent to Plaintiff's filing of the Amended Complaint, the executed summons indicates that only the Complaint was served, not the Amended Complaint. (*See* Dkt. No. 40).

2016); *see Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977) ("It would make little sense to hold . . . that [an amended] complaint [raising new claims] . . . supersedes a properly served complaint" because it would "leave a case in a state of suspended animation . . . with the court perhaps even lacking personal jurisdiction over the defendant.").

Plaintiff has not filed any proof of service,[7] and without proper service, Defendants cannot be held in default for failing to answer these new claims. *See South Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *6 (E.D.N.Y. Jan. 17, 2017) ("To assert personal jurisdiction, '[t]he procedural requirements of effective service of process must be satisfied . . ..'"; citations omitted). Accordingly, Plaintiff's motion for default judgment is denied as to any claims raised in the Amended Complaint.

## CONCLUSION

Because Plaintiff has failed to adhere to the procedural requirements of Rule 55 and "default judgments are generally disfavored" and within the Court's discretion, *Kaushen v. Aventura Motors, Inc.*, No. 09-CV-4114 (DRH), 2010 WL 2301289, at *3 (E.D.N.Y. June 7, 2010) (citing *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)), I respectfully recommend that the Court deny Plaintiff's motion for default judgment against all remaining defendants. The Marshals Service is hereby directed to serve the Amended Complaint upon Major World, Keltz, Santander Consumer and Santander Bank. Defendants will have 21 days from the date of service to respond to the claims raised in the Amended Complaint. Once a response is received, I recommend that the case proceed on an expedited discovery schedule.

Defendants are ordered to serve copies of this Report and Recommendation upon the Plaintiff by regular and certified mail by August 23, 2019, and file proof of service on CM/ECF promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Brian M. Cogan within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 22, 2019
Brooklyn, NY

ORDER ADOPTING REPORT AND RECOMMENDATION. Plaintiff has filed no objections to this R&R and it contains several sufficient grounds for denying plaintiff's motion for a default judgment. The R&R is therefore adopted as the decision of this Court and plaintiff's motion for default judgment is denied.
SO ORDERED: 9/26/19

_____
U.S.D.J.

---

[7] Plaintiff has been awarded *in forma pauperis* status, rendering the Marshals Service responsible for serving Defendants. (Dkt. No. 10).

5